CLERK'S OFFICE U.S. DISTRICT COURT
AT HARRISONBURG, VA
FILED

6/29/24

LAURA A. AUSTIN, CLERK
BY:  s/ K Dotson
DEPUTY CLERK

IN THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Harrisonburg Division)

| | | |
|---|---|---|
| **PLANET HOME LENDING, LLC** | * | |
| and | * | |
| **TRUSTEE SERVICES OF VIRGINIA, LLC** | * | |
| *Plaintiffs,* | * | |
| v. | * | **Civil Action No:** 5:24cv00047 |
| | * | |
| **SECRETARY OF DEPARTMENT OF** | * | |
| **HOUSING AND URBAN DEVELOPMENT** | * | |
| *Serve:* The Honorable Christopher R. Kavanaugh | * | |
| U.S. Attorney for the Western District of Virginia | * | |
| *at:* 310 1st Street S.W., Room 906 | * | |
| Roanoke, Virginia 24011 | * | |
| | * | |
| *And serve via Certified Mail:* | * | |
| The Honorable Merrick B. Garland, | * | |
| Attorney General of the United States | * | |
| 950 Pennsylvania Avenue | * | |
| Washington, D.C. 20530-0001 | * | |
| | * | |
| *And serve via Certified Mail:* | * | |
| The Honorable Marcia L. Fudge, | * | |
| Secretary of Housing and Urban Development | * | |
| 451 7th Street, S.W. | * | |
| Washington, D.C. 20410-0001 | * | |
| | * | |
| **JOSE RODELI FLORES FLORES** | * | |
| *Serve at:* 14850 Sunnybrook Court | * | |
| Timberville, Virginia 22853 | * | |
| | * | |
| **YESSENIA DEL CARMEN DIAZ MENJIVAR** | * | |
| *Serve at:* 14850 Sunnybrook Court | * | |
| Timberville, Virginia 22853 | * | |
| | * | |
| and | * | |
| **DUPONT COMMUNITY CREDIT UNION** | * | |
| *Serve:* Stephen F. Elkins, registered agent | * | |
| *at:* 1154 Shenandoah Village Drive | * | |
| Waynesboro, Virginia 22980 | * | |
| *Defendants.* | * | |
| | * | |

## COMPLAINT FOR A JUDICIAL SALE

COME NOW the Plaintiffs by counsel, hereby respectfully requesting that this Honorable

Court enter an order authorizing a judicial sale for the real property commonly known as 14850 Sunnybrook Court, Timberville, Virginia, and more fully described in paragraph 13 of this Complaint (hereinafter "Property"), pursuant to the authority granted by 28 U.S. Code § 2201 and, in support thereof, state as follows:

1. This Complaint is a request for a judicial sale that is necessitated by there being a "Partial Claims Mortgage" recorded in the chain of title for the Property.

2. Said Partial Claims Mortgage is a junior lien and provides a security interest to the Secretary of the U.S. Department of Housing and Urban Development for the repayment of a promissory note that is payable to the Secretary.

3. The Plaintiffs, respectively, are the current holder of the original Note and the substitute trustee of the Deed of Trust securing a July 5, 2022 purchase-money mortgage loan encumbering the Property.

4. The Plaintiffs respectfully request that the Property be sold via a judicial sale in order to satisfy the balance of the July 5, 2022 mortgage loan, which is in default for nonpayment.

## PARTIES

5. Planet Home Lending, LLC (hereinafter "Planet") is a Delaware limited liability company that is a residential mortgage-loan lender and servicer. Planet has its principal place of business in Meriden, Connecticut.

6. Planet is the current holder of the primary mortgage loan and beneficiary of the first Deed of Trust that is recorded as a lien in the chain of title for the Property.

7. Trustee Services of Virginia, LLC is a limited liability company registered with the Virginia State Corporation Commission and is the appointed Substitute Trustee of the aforesaid July 5, 2022 Deed of Trust.

8. The U.S. Department of Housing and Urban Development (HUD) is an agency of the

United States Government.

9.      The Secretary of HUD is the obligee of a promissory note secured by a Partial Claims Mortgage recorded in the chain of title for the Property.

10.     Jose Rodeli Flores Flores and Yessenia Del Carmen Diaz Menjivar are the owners of record of the subject Property.  Upon information and belief, they are residents of the Commonwealth of Virginia.

## JURISDICTION AND VENUE

11.     Jurisdiction is proper pursuant to 28 U.S. Code § 1331, 28 U.S. Code § 2410, and 28 U.S. Code § 1346 as an agency of the United States is a named defendant and a necessary party.

12.     Venue is proper in this Court under 28 U.S.C. § 1391(a)(1) because the Property at issue is situate within the boundaries of the Harrisonburg Division of the United States District Court for the Western District of Virginia.

## FACTUAL ALLEGATIONS

13.     Via a Deed dated May 5, 2022 Jose Rodeli Flores Flores and Yessenia Del Carmen Diaz Menjiva (hereinafter "Flores and Menjivar"), as husband and wife and tenants by the entirety, became the owners of record of the real property legally described as,

> All that certain lot or parcel of land, containing 17,523 square feet, more or less, together with the improvements thereon, and all rights, privileges, appurtenances, easements, and rights of way thereunto belonging or in anywise appertaining, located at 14850 Sunnybrook Court, and fronting on the southern side thereof in the Town of Timberville, Plains District, Rockingham County, Virginia, and known and designated as LOT FORTY-FIVE (45) on a plat thereof entitled "TIMBERCREST, SECTION TWO", which plat is of record in the Clerk's Office of the Circuit Court of Rockingham County, Virginia, in Deed Book 1816, page 215,

and commonly known as 14850 Sunnybrook Court, Timberville, Virginia (hereinafter "Property").

14.     Said Deed is recorded among the land records of the Rockingham County Circuit Court as Instrument 2022-16205, and a true and accurate copy thereof is attached hereto as **Exhibit A**.

15. On July 5, 2022, Flores and Menjivar entered into a purchase-money mortgage loan with Planet Home Lending, LLC for the Property.

16. As part of their July 5, 2022 mortgage loan, Flores and Menjivar executed a Note for $220,924.00, payable to Planet, and a Deed of Trust granting a security interest in the Property to the named beneficiary of the Deed of Trust.

17. The Deed of Trust granted a security interest in the Property to ensure repayment of the mortgage loan, and provided for acceleration of the mortgage loan and foreclosure in the event of a default.

18. Said Deed of Trust is recorded among the land records of the Rockingham County Circuit Court as Instrument 2022-16206, and a true and accurate copy thereof is attached hereto as **Exhibit B**.

19. In November of 2023, Flores and Menjivar were offered, and did enter into, a loan modification whereby the balance of their July 5, 2022 mortgage loan was reduced by $9,043.41 by transferring that amount to a junior mortgage loan with HUD.

20. As part of their 2022 mortgage loan with HUD, Flores and Menjivar executed a promissory note for $9,043.41 payable to the Secretary of HUD and a "Partial Claims Mortgage" in favor of the Secretary of HUD.

21. Said Partial Claims Mortgage granted a security interest in the Property to the Secretary of HUD to ensure repayment of the aforesaid promissory note.

22. The 2023 Partial Claims Mortgage is recorded among the land records of the Rockingham County Circuit Court as Instrument 2023-25319, and a true and accurate copy thereof is attached hereto as **Exhibit C**.

23. On September 7, 2023, in the Rockingham County General District Court, Dupont Community Credit Union obtained a judgment against Flores and Menjivar for $9,085.97 at

12.25% interest, plus costs in the amount of $62.00.

24. An Abstract of [that] Judgment was docketed (recorded) in the Rockingham County Circuit Court on October 20, 2023 and a true and accurate copy of the is attached hereto as **Exhibit D**.

25. The moment the Abstract of Judgment was recorded in the in the Rockingham County Circuit Court, it became a junior lien against the Property.

26. The July 5, 2022 Deed of Trust (Exhibit B) initially named Mortgage Electronic Registration Systems (MERS) as its beneficiary.

27. Via a "Notice of Corporate Assignment of Deed of Trust" dated May 17, 2024, MERS assigned its interest in the July 5, 2022 Deed of Trust (Exhibit B) to Planet.

28. Said assignment is recorded among the land records of the Rockingham County Circuit Court as Instrument 2024-09780, and a true and accurate copy thereof are attached hereto as **Exhibit E**.

29. Via an Appointment of Substitute Trustee dated June 10, 2024, Planet removed the original Trustee of the July 5, 2022 Deed of Trust (Exhibit B) and appointed Trustee Services of Virginia, LLC as the Substitute Trustee.

30. Said Appointment of Substitute Trustee is recorded among the land records of the Rockingham County Circuit Court as Instrument 2024-11675, and a true and accurate copy thereof is attached hereto as **Exhibit F**.

31. Upon information and belief, there no other persons or entities that currently have an interest in the Property that would be considered a necessary party in this matter.

## Count I - Request for a Judicial Sale

32. The Plaintiffs hereby restate and incorporate in full paragraphs 1 through 31 above.

33. The July 5, 2022 mortgage loan with Planet fell into default in December of 2023 for

nonpayment.

34. Due to said loan default, a notice of default/breach letter was sent to Flores and Menjivar in March of 2024, the default was not cured, and the balance of the July 5, 2022 mortgage loan has been accelerated.

35. In order to collect the accelerated balance of the July 5, 2022 mortgage loan, Planet wishes to exercise its rights in the Property by having the Substitute Trustee of the July 5, 2022 Deed of Trust execute the power of sale provision found within the Deed of Trust. See Exhibit B § 24.

36. An exercise of the power of sale provision that is contained in the July 5, 2022 Deed of Trust would typically require a public foreclosure (nonjudicial) sale for the Property held by the substitute trustee of the Deed of Trust.

37. However, because the Secretary of HUD also has a security interest in the Property via its Partial Claims Mortgage (Exhibit C), a judicial sale is required.

38. Case law out of the United States Court of Appeals for the Eighth Circuit has specifically held that a non-judicial sale cannot and does not clear title to real property against which liens are held by the United States. See *Show Me State Premium Homes, LLC v. McDonnell*, 74 F.4th 911 (2023).

39. In *Show Me*, the Eighth Circuit held that a state tax sale for real property did not clear title to that property, in which the United States' Department of Housing and Urban Development held security interests via the liens of its two mortgages loans, because there was no judicial action wherein the United States was a party.

40. In *Show Me*, the Court of Appeals reasoned that,

> "[28 U.S.C. § 2410] waives sovereign immunity for, among other things, "civil action[s] ... to foreclose a mortgage or other lien." *Id.* § 2410(a)(2). But, according to the statute, there must be a "judicial sale" first. *Id.* § 2410(c)". *Id.* at 913.

41.     Without a judicial action, in which the United States is a party, followed by a judicially-authorized sale, the liens of the United States remain undisturbed against the real property that is sold.

42.     Furthermore, even with a judicial sale occurring, the Secretary of HUD is statutorily entitled a one-year redemption period pursuant to 28 U.S. Code § 2410(c). Said redemption period interferes with the ability to sell the Property free and clear of all liens and encumbrances.

43.     A sale of the Property with clear title and no redemption period, will bring the highest and best price for the Property.

44.     The Plaintiffs now respectfully ask this Honorable Court, pursuant to 28 U.S. Code § 2201, to authorize a judicial sale of the Property so that (i) the Secretary of HUD is given and receives sufficient due process with respect to her security interest in the Property, (ii) the Secretary of HUD can protect her interests in the Property, and (iii) the Property can be sold free and clear of all liens and claims.

WHEREFORE, for the reasons so stated above, the Plaintiffs by counsel respectfully request that (i) the Court find that the Secretary of HUD has a security interest in the Property; (ii) the Court find that a judicial sale of the Property is necessary in order to clear the lien against the Property held by the Secretary of HUD; (iii) the Court enter an Order that appoints a Special Commissioner and charges that Special Commissioner with selling the Property free and clear of all liens for fair market value after having the Property listed with a Virginia-licensed real estate agent or broker; (iv) the Court approve a Contract of Sale for the Property after the Court is satisfied that the price offered is fair and reasonable; (v) the Court then authorize the Special Commissioner to convey the Property to the buyer(s) on behalf of Flores and Menjivar via a Special Commissioner's Deed; (vi) the Court authorize, from the proceeds of the sale, the payment, at closing, of the real estate agent's commission and the Special Commissioner's fees, the payment

of pro rata property taxes and the Grantor's recording taxes and fees; (vii) the Court also authorize, from the proceeds of the sale, the payment, at closing, of the balance of the purchase-money mortgage loan held by Planet (Exhibit B), and then the payment of the balance of the 2023 partial-claims mortgage loan held by the Secretary of HUD (Exhibit C) to the extent funds from the sale of the Property are available, and then the payment of the balance of the 2023 judgment lien held by Dupont Community Credit Union (Exhibit D) to the extent funds from the sale of the Property are available, and then the payment of Flores and Menjivar with the remaining funds to the extent funds from the sale of the Property are available; (viii) the Court enter an Order waiving the one-year redemption period that the Secretary of HUD entitled to pursuant to 28 U.S. Code § 2410(c); and (ix) the Court grant the Plaintiffs such further relief as the Court deems necessary and/or appropriate.

        Respectfully submitted,

        **PLANET HOME LENDING, LLC**
          *and*
        **TRUSTEE SERVICES OF VIRGINIA, LLC**
          *by Counsel*

<u>June 29, 2024</u>        <u>/s/ Robert Oliveri</u>
        Robert Oliveri, Esquire (VSB #47247)
        BROCK & SCOTT, PLLC
        484 Viking Drive, Suite 170
        Timberville, Virginia 23452-7321
        757-255-5286 (direct)
        703-840-4279 (facsimile)
        robert.oliveri@brockandscott.com
        *Counsel for the Plaintiffs*